The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: Under the so called continuing contract law 70 O.S. 6-101 [70-6-101] (1971), where a teacher has neither been notified of non-reemployment nor notified the local board of an intention not to return, does a written contract signed at a later date constitute a new contract, or is it merely an affirmation of a previously existing contract? Does a teacher, who was employed under a contract entered into for a prior school year, have a right to continue teaching in the district under the old contract and to refuse to sign the written contract offered to the teacher by the board of education at the start of a new school year? 3. If the teacher does have the right to continue teaching without a contract agreed to for the new school year, under what contractual terms and at what salary is the teacher employed ? 4. Does a refusal to sign a written contract after April 2 for the current year constitute a breach of contract? Your request necessarily requires reference to enactments of the Legislature relative to teacher contracts and the rights of some teachers to continue employment. The "continuing contract law" referenced in the request is found at 70 O.S. 6-101 [70-6-101] (1971), which states in pertinent part: "70 O.S. 6-101 [70-6-101]. A. Except as provided in subsection E of this section, no person shall be permitted to teach in any school district of the state without a written contract, except as provided herein for substitute teachers and except teachers of classes in adult education. The board of education of each school district, wherein school is expected to be conducted for the ensuing year, shall employ and contract in writing with qualified teachers for and in the name of the district. One copy of the contract shall be filed with the clerk of the board of education and one copy shall be retained by the teacher, and if the contract is with a dependent school district one copy shall be filed with the county superintendent of schools. "E. A board of education shall have authority to enter into written contracts with teachers for the ensuing fiscal year prior to the beginning of such year. If, prior to April 10, a board of education has not entered into a written contract with a regularly employed teacher or notified him in writing by registered or certified mail that he will not be employed for the ensuing fiscal year, and if, by April 25, such teacher has not notified the board of education in writing by registered or certified mail that he does not desire to be reemployed in such school district for the ensuing year, such teacher shall be considered as employed on a continuing contract basis and on the same salary schedule used for other teachers in the school district for the ensuing fiscal year, and such employment and continuing contract shall be binding on the teacher and on the school district. Provided that no district or any member of the board of education of a district shall be liable for the payment of compensation to a teacher under the provisions of the teacher's contract for the ensuing year, if it becomes necessary to close the school because of insufficient attendance, disorganization, annexation, consolidation, or by dispensing with the school according to law provided, such cause is known or action is taken prior to July 1 of such ensuing year." A written contract of employment between a certificated teacher and a local board of education, whether executed before or after April 25 of each year, is a new contract for a new fiscal year. In legal theory at least, even the "continuing contract" referenced in 70 O.S. 6-101 [70-6-101](E) is a new contract. The only difference between the two being that the former arises as a product of agreement between the parties and the latter arise by operation of law. The contract period for a teacher as provided by law in Oklahoma begins July 1 and ends June 30 of each fiscal year. 4 Okl. Op. A. G. 338 (Opinion No. 71-360). As has been in prior opinion, Att'y Gen. Op. No. 76-378, stated: ". . . the statutorily referred 'continuing contract' is not, in a legal sense, a single employment contract of continuing duration. Such continuing employment legally consists of a series of separate, distinct and annually renewed employment contracts for each ensuing school year . . ." Each annual contract is a new contract. Whether a subsequently executed written contract is "merely an affirmation of a previously existing contract" or a materially different agreement depends entirely upon the recited terms of the written instrument. The answer to your second question is either yes or no depending upon your perspective. No regularly employed teacher, whether probationary or tenured, can be required to sign a contract which would by its terms require the teacher to forego rights secured by law or collective bargaining. The provisions of 70 O.S. 6-101 [70-6-101](E) secure to the teacher, at the minimum "the same salary schedule used for other teachers in the school district for the ensuing fiscal year, . . ." Nor may the teacher be required to submit to a new contract which would materially diminish other compensation, benefits and/or employment related concessions, generally secured by law or negotiations, to teachers of the school district as a whole. The foregoing should not be taken to mean that a teacher may arbitrarily refuse to sign a contract which in no way prejudices the teacher's legally and contractually secured rights. Subsection A of 6-101 clearly and unambiguously states, except as provided in subsection E of the Act, "no person shall be permitted to teach in any school district of the state without a written contract, . . . ." The provision is sufficiently plain in its meaning to require no construction. A groundless refusal to sign a legally inoffensive contract of employment would constitute a voluntary refusal of employment. Lest there be some misunderstanding, a bona fide, good faith refusal to sign a contract, even if subsequently determined factually or legally groundless, cannot operate to the prejudice of the teacher's rights. It does seem only reasonable, however, given the clear dictates of 70 O.S. 6-101 [70-6-101](A) to expect that the refusal to execute a written contract required by law as a condition of employment be accompanied by some rational statement of reasons. In response to your third question, a teacher employed under a "continuing contract" arising by operation of law is employed on the terms dictated by law. As previously noted, this would include the minimum salary schedule for a teacher of the same experience, grade and academic rank as established by law. It would necessarily include all other rights granted teachers of the same experience, grade and academic rank as presently secured by law. Additionally, all rights granted teachers generally by the school district, whether pursuant to collectively bargained agreement under 70 O.S. 509.1 [70-509.1], et seq. (1971), as amended, or otherwise, are a part of the continuing contract. Your fourth question has already been answered. A refusal to sign a written contract unsupported by some bona fide reason asserted in good faith would be a breach of contract, such refusal would constitute a voluntary refusal of employment. Therefore, it is the official opinion of the Attorney General that: 1. All contracts with teachers in this State are annual contracts, each contract being separate and independent, which by its terms either affirms an existing relationship or readjusts the existing relationship as may be permitted by law; 2. Any teacher may legally refuse to sign a written contract where there is a bona fide reason for such refusal asserted in good faith; 3. A teacher employed under a "continuing contract" without a written contract for the current year is entitled to the minimum salary schedule for other teachers of the same experience, grade and academic rank and all other rights secured to teachers generally in the school district whether by operation of law, as the product of collective bargaining, or by unilateral act of the local board of education; and 4. The refusal of any teacher to sign a contract unsupported by some bona fide reason asserted in good faith is a voluntary refusal of employment. (JOHN F. PERCIVAL) (ksg) ** SEE: OPINION NO. 79-338 (1979) ** ** SEE: OPINION NO. 80-272 (1980) **